IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                    No. 1:18-cr-10036-JDB-1

TAVIS SHIELDS,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION TO LIFT PROTECTIVE ORDER
_____

Before the Court is the March 5, 2019 *pro se* letter of the Defendant, Tavis Shields, which the Court construes as a motion requesting that the it lift the protective order entered on June 28, 2018. (Docket Entries ("D.E.") 66, 33.) On May 21, 2018, Jennifer Danielle Fitzgerald was appointed to represent Shields and remains his counsel. (D.E. 15.)

Title 28 U.S.C. § 1654 permits parties in the federal courts to "plead and conduct their own cases personally or by counsel[.]" The Sixth Circuit has "interpreted this provision as allowing a litigant to represent himself *pro se* or to obtain representation -- but not both." *United States v. Rohner*, 634 F. App'x 495, 505 (6th Cir. 2015). That is, "[t]he right to defend *pro se* and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one constitutes a correlative assertion of the other." *Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014) (quoting *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987)). Nor do criminal defendants have a constitutional right to so-called "hybrid representation." *United States v. Anderson*, 616 F. App'x 770, 776 (6th Cir.), *cert. denied sub nom. Thompson v. United States*, 135 S. Ct. 2877 (2015). Courts generally will not consider a defendant's *pro se* motion when he is represented by

counsel, *United States v. Modena*, 430 F. App'x 444, 448 (6th Cir. 2011), and the undersigned declines to do so here.  The motion is DENIED.

IT IS SO ORDERED this 13th day of March 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE